**Fill in this information to identify your case:**

Debtor 1: Jonathan Mark Flanary
            First Name    Middle Name    Last Name

Debtor 2: _____
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for the: District of South Carolina

Case number: 23-01322-eg
(If known)

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification

☐ Post-confirmation modification

_____
_____
_____

# District of South Carolina
# Chapter 13 Plan

05/22

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☒ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

2.1 The debtor will pay the trustee as follows:

**$2,200.00 per month for 60 months**

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court, unless otherwise ordered.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ The debtor will make payments pursuant to a payroll deduction order.

☒ The debtor will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**2.3 Income tax refunds.**

*Check one.*

☒ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income tax refunds as follows:

_____

_____

**2.4 Additional payments.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☒ The debtor will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
<u>The debtor will sell his interest in 1609 Diddy Drive, Mount Pleasant, SC 29464 no later than May 31, 2024 and will use the proceeds from the sale to make a lump sum payment of approximately $210,000.00 in order to feasibly fund this plan.</u>

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1 Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ **3.1(a)** The debtor is not in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
|---|---|
|  |  |

*Insert additional claims as needed.*

☒ **3.1(b)** The debtor is in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Bank of America | 1232 Kruger Ave, Charleston, SC 29407 | $458.43 | N/A | $9.00 |
| | | Includes amounts accrued through the May 2023 payment. | | (or more) |

*Insert additional claims as needed.*

☒ **3.1(c)** The debtor will make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed.*

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2 Request for valuation of security and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ **Non-governmental claims.** The debtor requests that the Court determine the amount of the secured claims listed below, as set out in the column headed *Amount of secured claim*. Unless otherwise ordered by the Court, a proof of claim sets the total amount of a claim, but the plan controls the amount of the secured claim, unless a lower secured claim amount is acknowledged in the proof of claim. The amount of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance related to the collateral shall be paid directly by the debtor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | _____% | $_____ (or more) |

*Insert additional claims as needed.*

☐ **Governmental claims.** The debtor's proposed *Amount of secured claim* for purposes of estimating plan funding is listed below. After the claim is filed or after the deadline to file a claim, the debtor will file either: (1) a motion to determine the amount of the secured claim, or (2) an objection to the proof of claim. Unless otherwise ordered by the Court, the governmental unit's secured claim amount listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. The amount of the secured claim will be paid in full with interest at a rate stated below, with any priority amounts of the unsecured claim paid under Part 4, and any general unsecured amounts paid under Part 5.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance related to the collateral shall be paid directly by the debtor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|

_____ $_____    _____ $_____    $_____    $_____    ____%    $_____
                                                                         (or more)

*Insert additional claims as needed.*

3.3 **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

   *Check one.*

   ☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

   ☒ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered, the applicable proof of claim sets the amount to be paid at the interest rate set below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise stated in Part 8.1, any applicable taxes and insurance shall be paid directly by the debtor. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or discharge under § 1328.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Bank of America | 1232 Kruger Ave. Charleston, SC 29407<br><br>1609 Diddy Drive Mount Pleasant, SC 29464 | $85,069.50 | 5.25% | $1,690.00 (or more)<br><br>Disbursed by<br>☒ Trustee<br>☐ Debtor |
| Discover Financial | 1232 Kruger Ave. Charleston, SC 29407<br><br>1609 Diddy Drive Mount Pleasant, SC 29464 | $5,546.55 | 5.25% | $111.00 (or more)<br><br>Disbursed by<br>☒ Trustee<br>☐ Debtor |
| SCDOR | Tax Lien – All Debtor's Real and Personal Property | $6,665.76 | 5.25% | $133.00 (or more)<br><br>Disbursed by<br>☒ Trustee<br>☐ Debtor |
| South State Bank, NA | 2022 Ford F350 | $40,477.58 | 5.25% | $804.00 (or more)<br><br>Disbursed by<br>☒ Trustee<br>☐ Debtor |

*Insert additional claims as needed.*

3.4 **Lien avoidance.**

   *Check one.*

   ☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
   ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

   ☐ The Debtor(s) state that the judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of an order, whether included in the order confirming the plan or otherwise avoiding liens or security interests. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

   *Choose the appropriate form for lien avoidance.*

| Name of creditor and | Estimated | Total of all | Applicable | Value of | Amount of | Amount of lien |

| description of property securing lien | amount of lien | senior/unavoidable liens | Exemption and Code Section | debtor's interest in property | lien not avoided (to be paid in 3.2 above) | avoided |
|---|---|---|---|---|---|---|
| _____ | $_____ | $_____ | _____ | $_____ | $_____ | $_____ |

*Use this form for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| _____ | $_____ | $_____ | _____ | $_____ | $_____ | $_____ | $_____ |

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☒ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. A copy of this plan must be served on all co-debtors. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of creditor | Collateral |
|---|---|
| South State Bank, NA | 2021 Sea Hunt Ultra 234 |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's fees

   a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

   b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata*

basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.

*Check box below if there is a Domestic Support Obligation.*

☒ Domestic Support Claims. 11 U.S.C. § 507(a)(1):

   a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to **Allison M. Flanary (Charleston County Family Court/SC Child Support Enforcement)** at the rate of **$110.00** or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*
   b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to **Allison M. Flanary (Charleston County Family Court/SC Child Support Enforcement)**.
   c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $ _____ |
|  | Disbursed by |
|  | ☐ Trustee |
|  | ☐ Debtor |

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☒ The debtor estimates payments of less than 100% of claims.

☐ The debtor proposes payment of 100% of claims.

☐ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor will maintain the contractual payments and cure, through the trustee, any prepetition default in payments on the unsecured claims listed below.

| Name of creditor | Contractual payment (paid by the debtor) | Estimated amount of arrearage through month of filing or conversion | Monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|
| _____ | $ _____ | $ _____ | $ _____ |
|  |  |  | (or more) |

*Insert additional claims as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Total amount to be paid on the claim | Interest rate (if applicable) |
|---|---|---|
| _____ | $ _____ | _____ % |

Specify the amount and frequency of payments and whether disbursed by the trustee or the debtor. _____

Provide a brief statement of the basis for separate classification and treatment. _____

*Insert additional claims as needed.*

☐ **Other.** An unsecured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | $ _____ (or more) |

*Insert additional claims as needed.*

## Part 7: Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor as stated below:

*Check the applicable box:*

☒ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.

☐ Other. The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

8.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit"):

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| PHH Mortgage | House and lot located at 1232 Kruger Ave. Charleston, SC 29407  TMS# 349-03-00-089 | $1,113.29  Escrow for taxes: ☒ Yes ☐ No  Escrow for insurance: ☒ Yes ☐ No | $40.00 Or more | $1,113.29 | $20.00 Or more |

\* Unless otherwise ordered by the court, the amounts listed on a Compliant Proof of Claim or a Notice filed under Fed. R. Bankr. P. 3002.1 control over any contrary amounts above, and any Notice of Mortgage Payment Change that might be filed to amend the ongoing monthly payment amount.

\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the mortgage creditor as described in any allowed Notice of Fees, Expenses, and Charges under Fed. R. Bankr. 3002.1, filed with the Court, will be paid by the Trustee according to the requirements of SC LBR 3015-1 on a pro rata basis as funds are available.**

Once the trustee has filed a Notice of Final Cure under Fed. R. Bankr. P. 3002.1 (f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

## Part 9: Signature(s)

9.1 Signatures of the debtor and the debtor's attorney

*The debtor and the attorney for the debtor, if any, must sign below.*

X _____   X _____
Signature of Debtor 1                              Signature of Debtor 2

Executed on 05/31/2023                        Executed on _____
            MM / DD / YYYY                                       MM /DD / YYYY

X _____   Date   05/31/2023
Robert R. Meredith, Jr. DC ID #6152             MM/DD/ YYYY
rm@meredithlawfirm.com
Elizabeth R. Heilig, DC ID #10704
eheilig@meredithlawfirm.com
Meredith Law Firm, LLC
Attorneys for Debtors
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
(843) 529-9000 (t)
(843) 529-9907 (f)

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

UNITED STATE BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:  )
)  CASE NO: 23-01322-eg
Jonathan Mark Flanary  )
)  CHAPTER 13
)
DEBTOR.  )
)

## CERTIFICATE OF SERVICE

The above-signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 6/1/2023

Mercedes Sawyer, Legal Assistant for
Robert R. Meredith, Jr., D.C. I.D. #06152
rm@meredithlawfirm.com
Elizabeth R. Heilig, D.C. I.D. #10704
eheilig@meredithlawfirm.com
Meredith Law Firm, LLC
Attorneys for Debtor
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
Phone: 843-529-9000
Fax:   843-529-9907

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 23-01322-eg<br>District of South Carolina<br>Charleston<br>Thu Jun  1 09:20:51 EDT 2023 | A.G. Adjustments, LTD<br>740 Walt Whitman Rd.<br>Melville, NY 11747-2212 | ABC/Amega<br>500 Seneca St. Suite 503<br>Buffalo, NY 14204-1963 |
| Abercrombia Textiles<br>3400 US 211A<br>Cliffside, NC 28024 | Aff Group<br>101 Groce Rd.<br>Lyman, SC 29365-1739 | Allison Flanary<br>1609 Diddy Dr.<br>Mount Pleasant, SC 29464-9498 |
| Allison M. Flanary<br>1609 Diddy Dr.<br>Mount Pleasant, SC 29464-9498 | Altus Receivables Management<br>2121 Airline Dr., Suite 520<br>Metairie, LA 70001-5987 | American Custom Finishing<br>2830 US Hwy 70 SE.<br>Hickory, NC 28602-8691 |
| American Express<br>PO Box 981540<br>El Paso, TX 79998-1540 | Bank Of America, N.A.<br>P.O. Box 31785<br>Tampa, FL 33631-3785 | Bank of America<br>PO Box 982238<br>El Paso, TX 79998-2238 |
| Bella Home Furnishings<br>115 W Willis St.<br>Prescott, AZ 86301-3009 | Belle Maison<br>89-50 127th Street<br>Richmond Hill, NY 11418-3323 | Brian D. Kurtz, Pc<br>P.O. Box 2046<br>Mount Pleasant, SC 29465-2046 |
| Capris Furniture<br>1401 NW 27th Ave.<br>Ocala, FL 34475-4723 | Charleston County Delinquent Tax<br>4045 Bridgeview Dr.<br>North Charleston, SC 29405-7464 | Charleston County Family Court<br>100 Broad Street<br>Suite 143<br>Charleston, SC 29401-2210 |
| Charleston County Treasurer<br>4045 Bridgeview Drive<br>North Charleston, SC 29405-7464 | Charlotte Fabrics<br>3101 Louisiana Ave. N<br>Minneapolis, MN 55427-2918 | Christopher J. Neeson, Esq.<br>P.O. Box 90260<br>Indianapolis, IN 46290-0260 |
| Classical Elements, LLC<br>P.O. Box 1189<br>High Point, NC 27261-1189 | Covington Fabrics & Design, LLC<br>P.O. Box 603467<br>Charlotte, NC 28260-3467 | Credit International Corporation<br>P.O. Box 1268<br>Bothell, WA 98041-1268 |
| Credit International Corportation<br>P.O. Box 1268<br>Bothell, WA 98041-1268 | Crypton Inc.<br>513 Crypton Dr.<br>Kings Mountain, NC 28086-2096 | Curio Brands<br>1010 Lynn Ln. #3963<br>Starkville, MS 39759-3963 |
| Demi Tiqui<br>1280 Appling Dr.<br>Mount Pleasant, SC 29464-4879 | Department of Education/Aidvantage<br>PO Box 9635<br>Wilkes Barre, PA 18773-9635 | Discover Financial<br>Attn: Bankruptcy<br>PO Box 3025<br>New Albany, OH 43054-3025 |

| | | |
|---|---|---|
| Distincitive Delivery Service, LLC<br>1811 Indigo Market Dr. Suite 205<br>Mount Pleasant, SC 29464-5906 | Dominion Energy<br>PO Box 100255<br>Columbia, SC 29202-3255 | Dovetail Furniture<br>14000 S. Figueroa St.<br>Los Angeles, CA 90061-1030 |
| Drapery Boutique, Inc<br>211 Johnson St.<br>Haw River, NC 27258-9805 | EGS Financial Care, Inc.<br>2085 Lynnhaven Pkwy.<br>Ste 106-601<br>Virginia Beach, VA 23456-1497 | Eastern Accents<br>4201 Belmont Ave.<br>Chicago, IL 60641-4621 |
| Edward R. Flannary<br>1 Norman Place<br>Greenville, SC 29615-6077 | Elk Group International<br>12 Willow Ln.<br>Nesquehoning, PA 18240-1228 | F. Shumacher & Co.<br>979 3rd Ave. #832<br>New York, NY 10022-1234 |
| Fabricut<br>9303 East 46th St.<br>Tulsa, OK 74145-4895 | Fibreworks<br>2301 Brennen Business Court<br>Louisville, KY 40299-2562 | Jonathan Mark Flanary<br>1300 Appling Dr.<br>Unit 202<br>Mount Pleasant, SC 29464-4787 |
| Gabby Home<br>3140 Pelham Parkway<br>Pelham, AL 35124-2022 | (p)GLOBAL TEXTILE ALLIANCE   INC<br>ATTN RICH ROPER<br>2361 HOLIDAY LOOP ROAD<br>REIDSVILLE NC 27320-8684 | Golding Fabrics Inc.<br>7097 Mendenhall Rd.<br>High Point, NC 27263-3909 |
| Gulfstream Communications<br>P.O. Box 1794<br>Mount Pleasant, SC 29465-1794 | HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUS<br>Robertson, Anschutz, Schneid, Crane & Pa<br>13010 Morris Rd, suite 450<br>Alpharetta, GA 30004-3873 | Hamilton Fabric Sales<br>629 Southwest St.<br>High Point, NC 27260-8108 |
| Elizabeth R. Heilig<br>Meredith Law Firm, LLC<br>4000 Faber Place Drive<br>Suite 120<br>North Charleston, SC 29405-8585 | Hooker Furnishings Corp<br>P.O. Box 4404535<br>Atlanta, GA 30384-0001 | IDC Trim & Upholstry Supplies<br>1340 S. Danzler Rd.<br>Duncan, SC 29334-9316 |
| Illerom Trading, Inc.<br>11576 Pierson Rd.<br>West Palm Beach, FL 33414-8767 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (p)INTUIT INC C O CORPORATION SERVICE COMPANY<br>251 LITTLE FALLS DRIVE<br>WILMINGTON DE 19808-1674 |
| (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Jaipur Living<br>1800 Cherokee Pkwy<br>Acworth, GA 30102-1619 | King Textiles, LLC<br>400 Interstate Dr.<br>High Point, NC 27263-3161 |
| Kravet<br>225 Central Ave. S.<br>Bethpage, NY 11714-4940 | Lino Textil, LLC<br>270 W. 39th Street,<br>16th Floor<br>New York, NY 10018-4409 | Lyon Collection Services Inc<br>7924 West Sahara Ave.<br>Las Vegas, NV 89117-1990 |

MSS Solutions, LLC
P.O. Box 538178
Atlanta, GA 30353-8178

Magitex Decor
2791 NW 82nd Ave.
Miami, FL 33122-1074

Magnolia Companies
P.O. Box 67
Belden, MS 38826-0067

Joshua Ryan McGlone
Brock and Scott, PLLC
3825 Forrestgate Dr.
Winston Salem, NC 27103-2930

Michael Kennedy
Lincoln & Morgan
600 W. Broadway, Suite 700
San Diego, CA 92101-3370

Michell Fabrics
3532 Coleman Ct., Ste C
Lafayette, IN 47905-4455

Mitchell Fabrics LLC
3532 Coleman Ct
Lafayette, IN 47905-4455

Mitel
1146 North Alma School Rd.
Mesa, AZ 85201-3000

New Home Charleston
P.O. Box 22573
Charleston, SC 29413-2573

Number One Textiles, LTD
DBA Le Grande Collection/ Homesilk
13202 89th Ave., Suite 215
Richmond Hill, NY 11418-2804

ODK Capital, LLC DBA OnDeck
4700 W Daybreak Pkwy. Suite 200
South Jordan, UT 84009-5133

P/K Lifestyles
3 Park Ave
New York, NY 10016-5902

P/Kauffman
440 York Southern Rd.
Fort Mill, SC 29715-9776

PHH Mortgage Services
1661 Worthington Road
Suite 100
West Palm Beach, FL 33409-6493

Rays Reliable Movers
4975 Lacross Rd.
Charleston, SC 29406-6523

Rene Dukes Esq.
Saxton & Stump
151 Meeting St., Suite 400
Charleston, SC 29401-2239

Rioma Inc.
315 Old Thomasville. Rd
High Point, NC 27260-8190

Rosenthal & Rosenthal, Inc
1370 Broadway
New York, NY 10018-7399

Rosenthal & Rosenthal, Inc.
1370 Broadway, 3rd. Floor
New York, NY 10018-7399

Rowe Furniture
P.O. Box 931028
Atlanta, GA 31193-1028

SC Department of Revenue
Office of the General Counsel Bankruptcy
300A Outlet Pointe Blvd
Columbia, SC 29210-5666

Sattler Corp
447 Main St.
Hudson, NC 28638-2329

Shelba Johnson Trucking/ Brooks Furniture Xp
1640 Blair St.
Thomasville, NC 27360-8808

Sherrill Furniture Co.
2405 Highland Ave. NE
Hickory, NC 28601-8164

Simply Yours Interiors
1260 Blls Hwy
Walterboro, SC 29488-2512

Skeen Decorative Fabrics
1220 W. Market Center Dr.
High Point, NC 27260-8236

South Carolina Child Support Enforcement
PO Box 1469
Columbia, SC 29202-1469

South Carolina Department of Revenue
Office of the General Counsel- Bankruptc
300A Outlet Pointe Blvd
Columbia, SC 29210-5666

South State Bank N.A.
P.O. Box 6335
Fargo, ND 58125-6335

Southeastern Freight Lines, Inc
P.O. Box 100104
Columbia, SC 29202-3104

Spring Creative
300 Chatham Ave. #100
Rock Hill, SC 29730-5395

Stellar Slip Covers and Soft Furnishings
104 S. Belair Rd., Suite 8
Augusta, GA 30907-9153

Stout Textiles
3050 Trewightown Rd.
Colmar, PA 18915-9733

Summer Classics
1308 Morehead St.
Charlotte, NC 28208-5216

Sunbelt Furniture Xpress
3255 20th Ave.
Hickory, NC 28602

Sunfield, Inc.
3525 Iron Horse Rd. #106
Ladson, SC 29456-4331

Surya
1 Surya Dr.
White, GA 30184-2605

Susan B. Shaw, Esq.
945 Paces Ferry Rd., Suite 2750
Atlanta, GA 30326-1305

Swavelle Mill Creek
9550 William Aiken Ave
Ladson, SC 29456-4312

TForce Freight
P.O. Box 650690
Dallas, TX 75265-0690

TNT Sales
113 Belton Dr.
Spartanburg, SC 29301-4302

TSC Designs
1851 9th Ave. NE.
Hickory, NC 28601-4209

Telco
1070 St. Andrews Blvd
Charleston, SC 29407-7175

Tempo Fabrics
2130 Brevard Rd.
High Point, NC 27263-1704

Textile Fabric Associates, LLC
15 E 26th St. Floor 2
New York, NY 10010-1536

The CIT Group/ Commercial Services
134 Wooding Ave.
Danville, VA 24541-3763

The Commercial Collection Corp of NY, INC
34 Seymour st.
Tonawanda, NY 14150-2126

Thibaut
1095 Morris Ave., Suite 450
Union, NJ 07083-7170

Trace M. Dillon Esq.
The Dillon Law Firm P.C.
P.O. Box 1850
Tallevast, FL 34270-1850

Trevi Fabrics
2110 Dunmore Ct.
High Point, NC 27263-1620

Trivantage, LLC
1831 N. park Ave. Building 2
Burlington, NC 27217-1137

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

U.S. Small Business Administration
SBA Disaster Loan Service Center
2 North 20th Street, Suite 320
Birmingham, AL 35203-4002

UPS
P.O. Box 30549
Charleston, SC 29417-0549

US Small Business Administration
409 3rd Street SW
Washington, DC 20416-0005

United Fabrics Inc.
9115 Pennsauken Hwy
Pennsauken, NJ 08110-1287

United Supply Co.
P.O. Box 890276
Charlotte, NC 28289-0276

Uttermost Company
3325 Grassy Hill Rd.
Rocky Mount, VA 24151-3911

Valdese Weavers, LLC
1000 Perkins Rd. SE.
Valdese, NC 28690-9749

Vision Fabrics
305 W. High Ave.
High Point, NC 27260-4950

| | | |
|---|---|---|
| WOW Business<br>P.O. Box 4350<br>Carol Stream, IL 60197-4350 | Wallquest, Inc<br>465 Devon Park Dr.<br>Wayne, PA 19087-1871 | James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 |
| York Wallcoverings Inc<br>P.O. Box 736508<br>Dallas, TX 75373-6508 | York Wallcoverings, LLC<br>750 Linden Ave.<br>York, PA 17404-3373 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Global Textile Alliance<br>2361 Holiday Loop<br>Reidsville, NC 27320 | Intuit Payment Solutions<br>2700 Coast Ave<br>Mountain View, CA 94043 | JP Morgan Chase Bank<br>Po Box 15369<br>Wilmington, DE 19850 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)BANK OF AMERICA, N.A. | (d)Rene Dukes, Esq.<br>Saxton & Stump<br>151 Meeting Street, Suite 400<br>Charleston, SC 29401-2239 | End of Label Matrix<br>Mailable recipients   124<br>Bypassed recipients     2<br>Total                 126 |